CARLOS H. BALL, demandante y apelado, *v.* MARGARITA VILÁ, demandada y apelante.

Núm. 9408.—*Sometido:* Mayo 8, 1947. *Resuelto:* Junio 4, 1947.

*Diego O. Marrero,* abogado de la apelante; *Juan Enrique Géigel* y *Guillermo Silva,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este pleito fué sometido por las alegaciones. Alegó el apelado en su demanda que desde el mes de junio de 1943 es dueño de la casa que describe; que con anterioridad a esa fecha la ocupaba la apelante como inquilina, mediante un alquiler de $80 mensuales y continuó ocupándola en esas condiciones hasta el 31 de diciembre de 1944; que la apelante continuó pagando los cánones hasta el 8 de marzo de 1944, pero no satisfizo los comprendidos entre esta última fecha y el 13 de diciembre de 1944, montantes a $813.33, no obstante las gestiones de cobro hechas por el apelado. Termina la demanda con súplica de que se dicte sentencia a favor del apelado por la cantidad de $813.33, intereses legales, costas y honorarios de abogado.

La contestación puede resumirse así:

Al adquirir la casa el apelado continuó la apelante ocupándola bajo las mismas condiciones en que la poseía a virtud del contrato de arrendamiento con el anterior dueño, pero el 6 de marzo de 1944 el apelado le comunicó, por escrito, que daba por terminado el contrato de arrendamiento a partir del 8 de aquel mes, requiriéndola para que en dicha fecha dejase la casa a su disposición. Como la apelante no la entregó en la fecha indicada, se radicó demanda de desahucio contra ella, siendo desocupada la casa el 13 de diciembre de 1944, pero como el apelado dió por terminado el contrato de arrendamiento el 8 de marzo de 1944, desde esa fecha hasta el 13 de diciembre siguiente, la posesión de la apelante, según ella, fué en precario. Admite ésta que no pagó los alquileres desde el 8 de marzo hasta el 13 de diciembre, pero alega que la falta de pago se debió a que al darse por terminado el contrato, no venía obligada a pagar cánones de arrendamiento.

No obstante admitir que no pagó tales cánones, niega en su contestación que adeude los $813.33 reclamádosle, ni ninguna otra cantidad.

A base de estas alegaciones, o para ser más exactos, a base de los hechos expuestos en la contestación, la corte *a quo* dictó sentencia a favor del apelado por la cantidad reclamada en su demanda.

 La contención de la apelante es que el apelado, no sólo tituló su acción ''cobro de dinero'', sí que del contexto de la demanda, claramente se desprende que la acción ejercitada es una en cobro de dinero; que toda vez que el contrato a virtud del cual ella debía pagar $80 mensuales quedó extinguido desde el 8 de marzo de 1944, aunque admite que el apelado tiene derecho a indemnización por el uso de la casa, sostiene, sin embargo, que la acción establecida no va dirigida a reclamar indemnización, sino una cantidad derivada de un contrato que se extinguió desde el 8 de marzo de 1944. Concluye la apelante que no habiéndose establecido la causa de acción que procede, de acuerdo con estos hechos, es decir, la de indemnización de daños y perjuicios, erró la corte inferior al dictar sentencia contra ella.

Basta leer la contestación para advertir que la corte a quo, echando a un lado los viejos formalismos que supeditaban la obtención de un remedio a que el demandante adoptase la forma de acción establecida para reclamar su derecho, siguió la tendencia realista de la jurisprudencia moderna y aplicando la Regla 81(*b*) de Enjuiciamiento Civil,(1) dictó la sentencia que procedía de acuerdo con las alegaciones. *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 D.P.R. 649, 657. Concedemos que el pacto de pagar $80 mensuales por la casa terminó con el contrato el 8 de marzo de 1944, y que lo que

---

(1)Regla 81(*b*) de Enjuiciamiento Civil:

''Cualquier defecto en la denominación de la acción ejercitada o en la súplica del remedio solicitado, no será óbice para que la corte, descartando el error así cometido, conceda el remedio que proceda de acuerdo con las alegaciones y la prueba.''

el apelado puede recobrar es el valor razonable del uso de la casa. Pero las partes no sometieron evidencia alguna tendiente a probar que la cantidad de $80 mensuales no fuera el valor razonable de tal uso. Resultando de las alegaciones de una y otra parte que esa era la cantidad que la apelante había venido pagando a virtud del contrato de arrendamiento con el anterior dueño primero y con el apelado después, la corte estuvo justificada en concluir que $80 mensuales era el valor razonable del uso de la casa. *Abarca Sanfeliz* v. *Bank of Nova Scotia*, 46 D.P.R. 947.

*Procede la confirmación de la sentencia.*