## SAGASTIVELZA et al. v. PUERTO RICO HOUSING AUTHORITY et al.

### No. 4361.

United States Court of Appeals
First Circuit.

Jan. 5, 1949.

Pablo Defendini, of San Juan, P. R., for appellants.

A. Devitt Vanech, Asst. Atty. Gen., and John F. Cotter, Atty., Department of Justice, of Washington, D. C., for appellees.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and FORD, District Judge.

MAGRUDER, Chief Judge.

This case is a consolidation of separate appeals by two groups of former landowners from judgments of the Supreme Court of Puerto Rico. The court below disposed of the cases in a single opinion, since the same question was presented. We need only state the facts in one of the cases.

On December 8, 1944, the Puerto Rico Housing Authority filed in the district court of Arecibo, P. R., its complaint against Saturnina Sagastivelza Alvarez and the unknown heirs of Rosario Alvarez Rivera, seeking condemnation in fee simple of a described tract of land "for the development of a low rent housing project for persons of low income." Three days later it filed a declaration of taking, together with a deposit of the estimated amount of just compensation, pursuant to § 5(a) of the Eminent Domain Act of March 12, 1903, as amended by § 3 of Act No. 19, Laws of Puerto Rico, Second and Third Special Sessions 1942, pp. 88–92.

Section 5(a) is patterned closely after the Federal Declaration of Taking Act, 46 Stat. 1421, 40 U.S.C.A. § 258a et seq. Upon the filing of the declaration of taking, the district court on December 11, 1944, entered an ex parte order declaring that title to the property became vested in the Puerto Rico Housing Authority from the time it filed the declaration of taking and made the deposit aforesaid; that "said property is hereby condemned and its title is vested in the Puerto Rico Housing Authority" and that the right to just compensation belongs to the defendants, "to be determined in this proceeding by judgment rendered according to law"; and that the Housing Authority is entitled to take immediate possession.

Thereafter the defendants filed their answer, and amended answer, alleging that the taking was for a private purpose, and was not authorized by law, and therefore praying that the complaint be dismissed; and in the alternative alleging that if the taking is to be upheld, the defendants are entitled to recover a sum greatly in excess of the estimated amount deposited by the Housing Authority.

The issues thus raised in the complaint and answer have never been brought to trial.

On March 20, 1947, defendants moved for the return of the condemned property and for a judgment divesting the Housing Authority of title thereto and revesting the same in the defendants. This motion purported to rest upon § 7 of the Eminent Domain Act, as amended, (Code of Civil Procedure 1933, p. 305) reading as follows: "In all cases of condemnation, sale, transfer or voluntary alienation of property for the performance of a work of public utility, whenever such work is not completed within the time fixed by the concession or franchise, or, in case no time is so fixed, within the term of six months, counting from the date on which the final decision ordering the condemnation was rendered, the party dispossessed or who voluntarily sold, transferred or encumbered his right of ownership shall have a right of action to recover the property condemned, returning the amount received." It was the theory of defendants that the aforesaid ex parte order of December 11, 1944, entered upon the filing of the declaration of taking, was "the final decision ordering the condemnation" within the meaning of § 7 of the Eminent Domain Act; and it was recited in the motion that "the Puerto Rico Housing Authority, petitioner herein, has not used the property condemned up to the present time". The district court on June 27, 1947, entered judgment restoring the property to its former owners, in accordance with the motion.

On appeal, the Supreme Court of Puerto Rico reversed this judgment restoring the property, and remanded the case to the district court for further proceedings. In its opinion the Supreme Court of Puerto Rico stated: "The final decision in a condemnation proceeding can be no other than that in which the court, after hearing the evidence introduced by the parties as to the value of the property sought to be condemned, fixes the amount which the plaintiff should pay to the defendant as just compensation for the property of which he has been deprived. Since said just compensation may be an amount greater than that deposited by the plaintiff upon filing his declaration of taking, and since it is necessary to introduce evidence in order to determine the amount which the plaintiff will be bound to pay, it must be concluded that the order approving the transfer of the title and the right to take possession is an interlocutory order and not a final and definite judgment which puts an end to the litigation. See Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911."

The only question now before us is whether the Supreme Court of Puerto Rico was "inescapably wrong" in the interpretation which it has thus put upon an act of the insular legislature. We think that the above interpretation was not unreasonable, and therefore the judgments must be affirmed. De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S. Ct. 1121, 88 L.Ed. 1384. Indeed, we may go further and say that in our opinion the judgments below were "inescapably right" in view of the fact here present, that issues raised by the answers to the petitions for condemnation, as to whether the takings

were authorized by law, have not yet been tried and disposed of in the district court, where the petitions for condemnation are still pending. These issues have certainly not been foreclosed by the ex parte orders entered upon the filing of the declarations of taking. See Catlin v. United States, 1945, 324 U.S. 229, 240, 65 S.Ct. 631, 89 L.Ed. 911; City of Oakland v. United States, 9 Cir., 1942, 124 F.2d 959, 962, 963. As the court below stated, the provisions of § 5(a) of the Eminent Domain Act, as amended, for the transfer of title and the taking of possession upon the filing of a declaration of taking and the making of the deposit, furnish "a provisional remedy to which the plaintiff may resort, if he so elects, at any time before the judgment ending the litigation is rendered." Since it has not yet been determined in the present condemnation proceedings whether the takings were authorized by law, it necessarily follows, as the court below held, that "the final decision ordering the condemnation", within the meaning of § 7 of the Eminent Domain Act, has not yet been rendered; and therefore, that "the term of six months fixed by § 7 of the Eminent Domain Act for the reversion of the title to the defendants, has not started to run."

The judgments of the Supreme Court of Puerto Rico are affirmed.