AUTORIDAD SOBRE HOGARES DE PUERTO RICO, demandante, apelada y apelante, *v.* SATURNINA SAGASTIVELZA ALVAREZ, JOHN DOE y RICHARD ROE, o sea los herederos desconocidos de ROSARIO ALVAREZ, demandados, apelantes y apelados.

Núm. 10173.—*Sometido:* Marzo 1, 1951. *Resuelto:* Marzo 19, 1951.

278

*Arturo Ortiz Toro,* abogado de Saturnina Sagastivelza Álvarez, apelante apelada; *Rafael B. Pérez Mercado,* abogado de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por la sentencia dictada por el Tribunal de Expropiaciones de Puerto Rico en 6 de junio de 1949 se declaró definitivamente expropiada a favor de la demandante Autoridad Sobre Hogares de Puerto Rico la finca de 38.24 cuerdas de la demandada Sagastivelza Alvarez y se fijó como indemni-

zación total por la misma, con sus accesiones, la suma de $14,400, cantidad de la cual tan sólo venía la demandante obligada a consignar $3,698, toda vez que al solicitar la orden de incautación ella había depositado $10,702. En cuanto a esa diferencia, en la sentencia se hizo constar que la misma se consignaría "sin intereses de clase alguna en consideración a que la demandada Saturnina Sagastivelza ha conservado después de la expropiación la posesión y disfrute de la finca expropiada."(1)

De esa sentencia apelaron tanto la demandante como la demandada. Toda vez que el único error señalado por la demandante y el segundo de los planteados por la demandada tienen el mismo alcance, es decir el de la demandante, que el tribunal inferior erró "al resolver: (1) que la demandante no tenía derecho a la restitución de los frutos percibidos por la demandada, a virtud de cultivos efectuados sin su autorización después de la resolución sobre investidura de título, durante los años 1945, 1946 y 1947; (2) que no existía precepto aplicable para la solución del problema legal suscitado y que con tal motivo debe el mismo resolverse a tenor del artículo 7 del Código Civil;" y, el de la demandada, que el tribunal inferior erró al "no condenar a la demandante a pagar a la demandada intereses al tipo del 6 por ciento desde el día 11 de diciembre de 1944 sobre la diferencia entre la suma depositada y la fijada por el tribunal como la indemnización total por la finca expropiada," discutiremos ambos errores así señalados conjuntamente.

██ Cuando el juicio de este caso se hallaba en sus postrimerías y mientras declaraba Miguel Chico, hijo de la demandada, luego de preguntársele por la parte demandante respecto a lo que la finca expropiada producía y de haber

---

(1) El historial de este caso puede hallarse en las opiniones emitidas en los siguientes casos: *Autoridad Sobre Hogares* v. *Corte*, 68 D.P.R. 54; *Sagastivelza* v. *Puerto Rico Housing Authority*, 171 F.2d 563; *Autoridad Sobre Hogares* v. *Sagastivelza*, 71 D.P.R. 436; y *Autoridad Sobre Hogares* v. *Sagastivelza*, ante pág. 235.

contestado Chico las preguntas hechásle sobre el particular, dicha demandante solicitó del Tribunal que se le permitiera enmendar la súplica de su demanda para conformarla a la prueba, en el sentido de que de la indemnización que se concediera en el caso se rebajara la suma de cinco mil a seis mil dólares que los demandados han obtenido de beneficio con el cultivo de la finca después de pertenecer ésta a la Autoridad Sobre Hogares. A ello se opuso la demandada y luego de oír ampliamente a las partes, la corte manifestó que el punto era muy interesante, pero que no estaba en condiciones de resolverlo de momento, y dejó pendiente la propuesta enmienda para decidir la cuestión después que el Tribunal fuera debidamente ilustrado por las partes. A la vez declaró sin lugar una solicitud de inspección ocular. A esa resolución la demandada tomó excepción.

En el curso de su opinión, en relación con la cuestión así suscitada por las partes, el Tribunal de Expropiaciones se expresó del siguiente modo:

"En adición a la contención relativa al valor de los bienes expropiados, se ha planteado ante el Tribunal el problema de si la demandante tiene derecho a ser reintegrada en el valor neto de los frutos percibidos por la demandada Saturnina Sagastivelza durante los tres años siguientes a la expropiación, esto es, 1945, 1946 y 1947, en que continuó en la posesión y disfrute de la finca expropiada, no obstante haber sido la demandante investida del título a la misma. De todo el expediente del caso resulta claro que la demandada continuó en la posesión de la finca durante los años indicados. El hijo de la demandada, declarando a su favor, admitió haber administrado el inmueble durante esos años a nombre de la demandada y percibido en representación de ella los frutos producidos por la misma.

"La demandante apoya su reclamación en los artículos 287, 288, 289, 292, 293, 297, 298, 300, 382 y 283 del Código Civil.

"Ambas partes presentaron extensos alegatos sobre este punto.

"El Tribunal tiene serias dudas sobre la aplicabilidad de los preceptos citados por la demandante al problema envuelto en este caso. En primer lugar, la demandada continuó en la pose-

sión de los bienes con conocimiento de la demandante sin que ésta agotase los recursos que la Ley pone a su disposición para privar a la demandada de tal posesión. Además, en junio 4 de 1947 la demandada obtuvo a su favor una sentencia de la Corte de Distrito de Arecibo, restituyéndole el título a los bienes expropiados, y si bien esta sentencia fué revocada por la Corte Suprema y confirmada su revocación por la Corte de Circuito de Apelaciones de Boston, aparentemente durante ese tiempo la demandada poseyó los bienes al amparo de la sentencia de la Corte de Distrito de Arecibo.

"En vista de las peculiares circunstancias concurrentes en el caso, el Tribunal es de opinión que no existe precepto específico aplicable para la solución del problema envuelto, y en tales condiciones cree que debe aplicar el artículo 7 del Código Civil que dispone que 'cuando no haya ley aplicable al caso el Tribunal resolverá conforme a equidad'. Aplicando pues, un criterio equitativo a las circunstancias del caso, *el Tribunal deniega la reintegración de frutos solicitada, pero en atención al disfrute en que la demandada ha estado de la finca expropiada, no concederá a la demandada intereses sobre la diferencia entre la indemnización fijada y el depósito hecho en corte por la demandante al iniciarse la expropiación.* Quiere aclarar el Tribunal que esta determinación no puede considerarse como regla uniforme para todos los casos en que un demandado en expropiación continúa en la posesión y disfrute de los bienes con posterioridad a la investidura de título en favor de la parte demandante, pues cada caso habrá que resolverse de acuerdo con las circunstancias del mismo, según ha sido éste resuelto." (Bastardillas nuestras.)

Fué un error del tribunal inferior resolver la cuestión en la forma en que lo hizo. Por disposición expresa de la sección 5(*b*) de la Ley de Expropiación Forzosa de 12 de marzo de 1903 (pág. 50) ; Estatutos Revisados de 1911 (pág. 89), según fué enmendada por la Ley 105 de 7 de mayo de 1948 (pág. 241) se ordena que "en cualquier sentencia dictada en un procedimiento de expropiación forzosa para la adquisición de propiedad privada. . . en que la cantidad determinada por la corte como justa compensación por la propiedad. . . sea mayor que la cantidad fijada por el demandante y depositada en corte como justa compensación por tal

propiedad o derechos en la misma, El Pueblo de Puerto Rico pagará el importe de la diferencia entre la suma así fijada por el demandante y depositada por él en la corte y la cantidad que a tal efecto haya determinado la corte como justa compensación por dicha propiedad o derechos en la misma objeto de tal procedimiento; con intereses a razón de seis por ciento anual sobre tal diferencia a contar desde la fecha de la adquisición de tal propiedad. . . hasta la del pago de dicha diferencia." Ante precepto tan imperativo de ley, era el deber del tribunal inferior condenar a la expropiante al pago de intereses al 6 por ciento sobre la diferencia existente entre la cantidad fijada como justa compensación por el inmueble expropiado y la suma depositada por la expropiante, desde el 11 de diciembre de 1944, fecha de la incautación, hasta el día en que se pagara tal diferencia.

 Además, teniendo el Tribunal de Expropiaciones pleno conocimiento de que desde el 11 de diciembre de 1944, fecha en que se dictó la orden de incautación, la demandante tenía el dominio pleno de la finca expropiada [2] era su deber determinar si ella tenía derecho o no a ser indemnizada por la demandada, por la posesión y uso ilegales por parte de ésta de la finca objeto del procedimiento. No nos detendremos a determinar por ahora si la posesión de la demandada fué de buena o mala fe. Tampoco resolveremos en este momento si fué la propia demandada Sagastivelza Alvarez la que estuvo en posesión de la finca o si fué por el contrario su hijo Miguel Chico a nombre propio quien tuvo tal posesión. Son esas cuestiones que deberán ser resueltas en primera instancia por el Tribunal de Expropiaciones al devolvérsele el caso. Lo que sí resolvemos ahora es que a tenor de lo provisto por el artículo 256 del Código Civil, ed. 1930, la propiedad en cuestión, una vez dictada la orden de incautación, constituía un bien patrimonial, y que lo preceptuado por los artículos

---

[2] Véanse la sección 5(a) de la Ley de Expropiación Forzosa, según fué enmendada por la Ley núm. 19 de 30 de noviembre de 1942, págs. 83, 89 y *Santiago* v. *Tribl. Contribuciones y Tes. Int.*, 71 D.P.R. 735.

283 al 300 del Código Civil es de aplicación al caso de autos, pero que aún en el supuesto, de que no lo fuera, de probarse que la demandada estuvo en posesión de la finca expropiada con posterioridad a la fecha de la orden de incautación, la demandante tendría, de todos modos, derecho a recobrar una cantidad razonable por el uso de la misma. Cf. *Ball* v. *Vilá*, 67 D.P.R. 415.

■ Por otra parte, si el tribunal inferior tenía dudas respecto a si la enmienda solicitada por la demandante en relación con la concesión de frutos y rentas debía admitirse o no, al autorizar tal enmienda, debió dar oportunidad a la demandada, según lo solicitó, para aducir prueba para controvertir la ya ofrecida por la demandante a ese efecto. Fué un error el no hacerlo así. *Balzac* v. *Torres*, 68 D.P.R. 983, 988.

■■ La comisión por el Tribunal de Expropiaciones de los errores antes reseñados conllevan la revocación de la sentencia. Ello bastaría para así decretarlo y para ordenar la devolución del caso. No obstante, como ésta es la cuarta opinión emitida por nosotros en relación con los derechos de las partes, a fin de evitar ulteriores dilaciones procederemos a discutir los demás errores señalados por la demandada.

El primer error por ésta imputado al tribunal a quo es que éste erró al no dejar sin efecto su resolución de 11 de diciembre de 1944 y al no restituir el título a la demandada en la finca objeto de expropiación. La resolución de esa fecha no es otra cosa que la orden de incautación, a virtud de la cual el dominio de la propiedad en cuestión pasó a la demandante. Ya este Tribunal por sentencia de 6 de marzo de 1951 ha resuelto de manera definitiva que la reversión alegada por la demandada no procede. Véase nuestra opinión de esa fecha, ante págs. 235, 243. Ahora bien, la demandada discute este error también desde el punto de vista de que la expropiación resulta inconstitucional, toda vez que no obstante los años transcurridos desde la incautación, la deman-

dante no ha dedicado la finca objeto del procedimiento al fin público para el cual se expropió. Ya hemos resuelto que la expropiación de fincas para la eliminación de arrabales es un fin público. *McCormick* v. *Marrero*, 64 D.P.R. 260, 267. Si bien hay autoridades que sientan el principio de que bienes que han sido expropiados para un fin público deben dedicarse a tal fin dentro de un tiempo razonable—18 Am. Jur., pág. 747, sec. 123; Ann.Cas. 1915B, pág. 993—sin embargo, aceptando como correcto ese principio a los fines de la argumentación, y aunque es cierto que en el presente caso la demandante cedió en arrendamiento a fines del año 1949 la finca en cuestión al hijo de la demandada por un canon nominal, la demandante ha sostenido que ha hecho eso no para fines de lucro sino para tener a alguien al cuidado de la propiedad, ha demostrado siempre tener vivo interés en la misma y ha defendido en todo momento sus derechos ante los tribunales en relación con la expropiación. Véanse 18 Am. Jur., supra, y Ann. Cas., supra.

El tercero de los errores señalados por la demandada se refiere al valor fijado por el tribunal a la finca expropiada. Como el caso será devuelto para nuevo juicio es innecesario discutir este error.

El cuarto error señalado por la demandada es al efecto de que el Tribunal de Expropiaciones erró (*a*) al no admitir en evidencia ciertas fotografías por ella ofrecidas; (*b*) al ordenar la eliminación del testimonio de Rafael Rodríguez Archilla sobre las ventas de solares; (*c*) al no admitir preguntas sobre el número de solares que podían obtenerse de la finca expropiada; (*d*) al no admitir prueba sobre el precio de venta de propiedades a El Pueblo de Puerto Rico; (*e*) al no admitir una pregunta sobre el objeto para el cual se expropiaba la finca; y (*f*) al denegar su solicitud de inspección ocular. Las fotografías ofrecidas en evidencia eran claramente inadmisibles, ya que las mismas no reflejaban el estado de hechos existente en la propiedad objeto de la ex-

propiación, o en sus alrededores, para la fecha en que se radicó la demanda de expropiación. Como se sabe, en casos de esta naturaleza, el valor razonable del inmueble a expropiarse es aquél que tenía el inmueble a la fecha de la expropiación. *Pueblo* v. *Carmona*, 70 D.P.R. 312, 316; *United States* v. *Miller*, 317 U. S. 369, 87 L. Ed. 336; 18 Am. Jur., pág. 991, sección 347.

■■■■■■ La demandada sostenía que la finca expropiada podía ser urbanizada y dividida en solares. Con el propósito de así demostrarlo hizo ciertas preguntas al testigo Rodríguez Archilla en relación con las ventas de ciertos solares contiguos hechas por éste. Al declarar el testigo que tales ventas se habían efectuado sin permiso de la Junta de Planificación, la demandante solicitó la eliminación de su declaración a este respecto y el Tribunal así lo ordenó, anotándose la demandada una excepción. Dado el fin para el cual la demandada alegaba que podía dedicarse la finca, la declaración del testigo resultaba pertinente y por ende, admisible. Cf. *Autoridad Sobre Hogares de P. R.* v. *Valdejulli*, 71 D.P.R. 640; 18 Am. Jur., supra. El hecho de que las ventas de solares se hicieran sin autorización de la Junta de Planificación no hacía el testimonio inadmisible.

El número de solares que podían obtenerse de la finca expropiada era una cuestión que carecía de importancia, ya que todo depende, naturalmente, del tamaño de los solares, ancho de las calles, etc. Véase, sin embargo, 18 Am. Jur., supra.

■■■■ Al testigo Luis Pérez Matos se le preguntó por la demandada si allá para el año 1944 él había vendido a El Pueblo de Puerto Rico algún terreno adyacente a la finca objeto de la expropiación. La demandante se opuso y la corte sostuvo la objeción, anotándose la demandada una excepción. Conforme indicamos en *Autoridad Sobre Hogares* v. *Valdejulli*, supra, "compras contemporáneas de terrenos similares a los expropiados efectuadas por el propio expro-

piante son admisibles en evidencia con respecto al valor razonable de los terrenos expropiados, siempre que el que las ofrezca en evidencia demuestre que fueron libres y voluntarias y que los terrenos comprados eran similares, aunque no iguales, a los expropiados." Por tanto, el Tribunal de Expropiaciones debió admitir la pregunta inicial que se hacía al testigo para luego determinar si la venta fué o no voluntaria y si los terrenos comprados eran similares a los expropiados.

Mientras declaraba Fausto Olano Sbert, la demandante le preguntó cuál era a su juicio el mejor uso para el cual la finca expropiada estaba preparada. Contestó el testigo que para fines agrícolas, para la siembra de caña, tabaco y en la parte alta frutos menores. Preguntóle entonces la demandada para qué era que se estaba expropiando. A ello se opuso la demandante y el Tribunal la sostuvo. La pregunta era admisible toda vez que trataba de demostrar que la finca estaba siendo expropiada para la construcción de hogares.

El acceder a que se practique una inspección ocular es algo que descansa en la sana discreción del tribunal sentenciador y no estamos convencidos de que en este caso se abusara de esa discreción. *Pueblo* v. *García*, 66 D.P.R. 504, 513; *Martínez* v. *Martínez*, 68 D.P.R. 203, 207.

El quinto y último error, al efecto de que el tribunal a quo erró al no condenar a la demandante al pago de costas y honorarios de abogado, preferimos no discutirlo por ahora, toda vez que no sabemos cuál será en definitiva la sentencia que habrá de dictarse en el caso. Véase, sin embargo, *Pueblo* v. *García*, supra.

*Debe revocarse la sentencia apelada y devolverse el caso al Tribunal de Expropiaciones para ulteriores procedimientos no inconsistentes con esta opinión.*